Richard TRELLA, Plaintiff,

v.

CIGNA GROUP INSURANCE, Life Insurance Company of North America, and UTC Choice Integrated Disability Benefits Program, Defendants.

No. 3:04CV1102 (DJS).

United States District Court, D. Connecticut.

June 27, 2005.

Ian O. Smith, Thomas G. Moukawsher, Moukawsher & Walsh, Hartford, CT, for Plaintiff.

David C. Salazar–Austin, Glenn William Dowd, Day, Berry & Howard, Sara R. Simeonidis, Bingham McCutchen, Hartford, CT, Jennifer L. Sachs, Day, Berry & Howard, Stamford, CT, for Defendants.

### ORDER

SQUATRITO, District Judge.

Now pending before this court is defendants' motion for a protective order (dkt.# 27). Plaintiff brings this action challenging defendants' denial of both short-term and long-term disability benefits pursuant to ERISA. In their papers, the parties disagree over the scope of evidence that may be admitted in a trial of plaintiff's claim. Specifically, defendants have objected to certain discovery requests on the grounds that the responses could not possibly be admissible at trial because this court is bound to apply the arbitrary and capricious standard, and in applying that standard in this case, evidence may not be admitted beyond the administrative record.

Plaintiff may discover evidence outside the administrative record because this type of evidence could possibly be admissible. Although the court expresses no opinion regarding the appropriate standard of review, or precisely what evidence is admissible, evidence that the insurer's decision was influenced by a conflict of interest could be admissible under either the *de novo* standard or the arbitrary and capricious standard. *See Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir.1995) (considering extrinsic evidence that the defendant acted under a conflict of interest, but declining to hold that the existence of a conflict triggered *de novo* review of the defendant's decision).

Plaintiff's discovery requests seek to discover information that could be relevant to determining whether defendants review of plaintiff's claim was tainted by a conflict of interest, despite defendants' arguments in favor of applying the arbitrary and capricious standard. Therefore, defendants' motion for a protective order (dkt.# 27) is **DENIED**; plaintiff may seek evidence that defendants were influenced by a conflict of interest. Defendants shall respond to plaintiff's requests on or before **July 25, 2005.**